1                IN THE UNITED STATES DISTRICT COURT
2                    FOR THE DISTRICT OF COLORADO
3    Case No. 10-po-00152-DLW
4    ═══════════════════════════════════════════════════════
5    UNITED STATES OF AMERICA,
6         Plaintiff,
7    vs.
8    DOUGLAS L. TOOLEY,
9         Defendant.
10   ═══════════════════════════════════════════════════════
11           Proceedings before DAVID L. WEST, United States
12   Magistrate Judge, United States District Court for the
13   District of Colorado, commencing at 9:01 a.m., November 2,
14   2010, in the United States Courthouse, Durango, Colorado.
15   ═══════════════════════════════════════════════════════
16           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18   ═══════════════════════════════════════════════════════
19                           APPEARANCES
20           TODD  NORVELL  and  JAMES  CANDELARIA,  Assistant
21   United States Attorneys, appearing for the government.
22
23   ═══════════════════════════════════════════════════════
24
25            GENERAL ADVISEMENT/INITIAL APPEARANCE

                                                                2

1                    P R O C E E D I N G S
2                (Whereupon, the within electronically recorded
3     proceedings are herein transcribed, pursuant to order of the
4     Court.)
5                THE COURT: Thank you.  Please have a seat.
6                Good morning, I'm Dave West, Federal Magistrate
7     for the Federal District Court, District of Colorado.  Also
8     present is Mr. Todd Norvell from the United States
9     Attorney's Office and Mr. Jim Candelaria, also from the
10    United States Attorney's Office.  They're the prosecutors in
11    the cases that we have set today.
12               What I'd like to do as a group is go over with you
13    the rights that you have in court and the procedures that we
14    have.  Once I've done that, we'll take a brief break or
15    recess and give those of you that would like to talk to Mr.
16    Candelaria or Mr. Norvell the opportunity to talk to them if
17    you'd like to to see if your case can be resolved without us
18    calling the case.  Oftentimes these cases can be resolved
19    that way, but you have no obligation to talk to Mr. Norvell
20    or Mr. Candelaria because you have a right to remain silent.
21               But once the people that would like to talk to
22    these gentlemen have had that opportunity, I'll come back
23    and the cases that are remaining, we'll call them one at a
24    time, and at that time if you have any questions at all
25    about the rights that you have in court or the procedures

 1     that we have, I'll be happy to do the best I can to answer
 2     those questions.
 3              Most of you are charged with a petty offense.  A
 4     petty offense is defined by the maximum possible penalties
 5     that could be imposed, which is six months in jail, a fine
 6     of up to $5,000, or both the jail sentence and the fine.
 7     Those are the maximum possible penalties that could be
 8     imposed, not necessarily the penalties that would be
 9     imposed, but because it defines what a petty offense is, you
10     need to be aware of those maximum possible penalties.
11              Additionally, by statute, if you're found guilty
12     or plead guilty to a petty offense, there's a special
13     assessment or victim compensation fee of $10, there's a
14     Central Violations Bureau processing fee of $25.  In the
15     event that the government can prove damage to property,
16     restitution can be ordered, and if it's a moving violation,
17     points against your privilege to drive in the state of
18     Colorado could be assessed.  You're charged with a petty
19     offense, you have a right to a trial to a judge, or trial to
20     the Court, but you do not have a right to a jury trial.
21              A few of you may be charged with a Class A
22     misdemeanor.  Again, it's defined by the maximum possible
23     penalties that could be imposed, which is 12 months in jail,
24     a fine of up to $100,000, or both the jail sentence and the
25     fine.  There a couple of other differences between a petty

1   offense and a misdemeanor.  With a misdemeanor, you have a
2   constitutional right to have the case heard by a federal
3   district court judge.  I'm not a federal district court
4   judge, I'm a federal magistrate, but your rights would be
5   identical and the procedures would be identical whether you
6   choose a federal district court judge to hear to the case or
7   consent and agree to having a magistrate such as myself hear
8   the case.  The significant difference is the federal
9   district court judges are located in Denver, so chances are
10  the case would be transferred to Denver for trial.  If you
11  decide that a magistrate should hear the case, then the case
12  would be heard here locally.  Again, by statute, there is a
13  special assessment, a victim compensation fee of $25 in the
14  event you're found guilty of the charge, and a Central
15  Violations Bureau processing fee also of $25.
16          All of you need to understand you have a right to
17  have an attorney represent you in court.  If you cannot
18  afford an attorney, we'll appoint a lawyer to represent you
19  only if a jail sentence is a possibility.  The way a jail
20  sentence would not be a possibility would be for Mr.
21  Candelaria or Mr. Norvell to state that in the event you're
22  found guilty of the charge or plead guilty of the charge
23  they would not seek a jail sentence.  So if a jail sentence
24  is not a possibility, you're not entitled to a court-
25  appointed attorney if you cannot afford one.  In any event,

1    you have a right to hire an attorney of your own choosing,
2    and we'll give you time to do that if you wish.
3         You also have a right to remain silent, you have
4    a right to not answer any questions concerning the charge
5    that brings you in here to court today, and you have a right
6    to consult with an attorney before you answer any questions,
7    but clearly understand that if you answer questions put to
8    you by a law enforcement officer concerning the charge,
9    those answers can be used against you during a trial, so you
10   have a right to remain silent.
11        There's no need to have anyone post a bond today,
12   as everyone's appearing here voluntarily, so let's go over
13   the options that you have this morning.  Your first option
14   is to talk to Mr. Candelaria or Mr. Norvell to see if your
15   case can be resolved.  You have no obligation to talk to
16   them because you have a right to remain silent but that's
17   your first option.
18        Your second option is to enter a plea of not
19   guilty.  If you enter a plea of not guilty, we'll set the
20   matter for purposes of a trial, hopefully at a date and time
21   that's convenient both to you and to the government.  At
22   that trial you're presumed to be innocent and the burden of
23   proof is on the prosecutors to attempt to prove the case
24   beyond a reasonable doubt.  At that trial you have a right
25   to have you or your attorney question or cross-examine

6

1  witnesses brought in by the government and you have a right
2  to call witnesses on your own behalf, but you have no
3  obligation to call yourself as a witness, as you have a
4  right to remain silent.  Any decision made by this Court
5  that you disagree with, you have a right to file a notice of
6  appeal ten days from the date of that decision.  So your
7  second option is to enter a plea of not guilty, and we'll
8  set the matter for purposes of trial.
9           Your third option is to enter a plea of guilty.
10 If you enter a plea of guilty you can do so only if you
11 understand the rights that you have in court, only if you
12 understand the rights that you're giving up by entering a
13 plea of guilty, obviously your right to a trial.  If you
14 enter a plea of guilty, you can do so only if it's
15 voluntary, no one can influence you or force you in any way
16 to enter a plea of guilty.  It has to be something you do
17 after understanding your rights and making a decision that
18 in fact you want to enter a plea of guilty.  If you do enter
19 a plea of guilty, we'll give you every opportunity to make
20 a statement on your own behalf before any sentence is
21 imposed.  So that's the third option is to enter a plea of
22 guilty.
23          The fourth and final option is to delay the case
24 to give you time to hire an attorney, or if a jail sentence
25 is a possibility and you cannot afford an attorney, we'll

1      appoint a lawyer to represent you and we'll delay the case
2      to give you time to consult with that attorney.
3                 So those are the four options you have today.
4      Let's do a quick roll call and see who made it.  William
5      Alsup.  Is Mr. Alsup here?  Violation notice F4108805 has
6      failed to appear, issue a warrant for his arrest.
7                 Melvin Branson.  Is Mr. Branson here?  Violation
8      notice F3946374 has failed to appear, issue a warrant for
9      his arrest.
10                Ronald Corbin (phonetic).  It appears that that
11     was not delivered by the Post Office.
12                Dalton Crawford.  Is Mr. Crawford here?  Violation
13     notice F3780257 has failed to appear, issue a warrant for
14     his arrest.
15                Mr. Cutler has paid.
16                Dustin Davidson.  Good morning.
17                Ms. Lambert has paid.
18                Marie Leticia, L-E-T-I-C-I-A.  Violation notice
19     1653061 has failed to appear, issue a warrant for her
20     arrest.
21                Juan Martinez.  Good morning.
22                MR. MARTINEZ: Good morning.
23                THE COURT: Creighton Mayfield (phonetic).
24     Violation notice 0912810 has failed to appear, issue a
25     warrant for his arrest.

```
 1                  Steven Nelson.  Good morning.
 2                  Paul Neubarth.  Violation notice L0193058 has
 3     failed to appear, issue a warrant for his arrest.
 4                  Christopher Nittler, N-I-T-T-L-E-R.  Violation
 5     notice L0193080 has failed to appear, issue a warrant for
 6     his arrest.
 7                  David Pflum, P-F-L-U-M.  Violation notice 1652673
 8     has failed to appear, issue a warrant for his arrest.
 9                  Mr. or Ms. Casada has paid.
10                  Nancy Sebat (phonetic).  Good morning.
11                  Mr. Shine's (phonetic) paid, Ms. Spivak (phonetic)
12     has paid.
13                  Gerald Thorndike (phonetic).  Good morning.
14                  MR. THORNDIKE: Good morning.
15                  THE COURT: Gregory Velasquez (phonetic).  Good
16     morning.
17                  MR. VELASQUEZ: Good morning.
18                  THE COURT: Michael Williamson.  Violation notice
19     1652863 has failed to appear, issue a warrant for his
20     arrest.
21                  I believe it's Sierra Connor (phonetic).
22                  MS. CONNOR: Serena Connor.
23                  THE COURT: Serena?  Okay, thank you.  Good
24     morning.
25                  Louis Penley (phonetic).
```

1              MR. PENLEY: Good morning.

2              THE COURT: Good morning.

3              Douglas Tooley.

4              MR. TOOLEY: Present, Your Honor.

5              THE COURT: Good morning.

6              And Carrie Virgil (phonetic). This is violation

7     notice 1652953 has failed to appear, issue a warrant for

8     arrest.

9              Anyone present whose name I have not called?

10             Okay, we'll take that brief recess, give those of

11    you who'd like to talk to Mr. Norvell and Mr. Candelaria

12    that opportunity. Now, once that is done, the cases that

13    are remaining, I'll come back, we'll call them one at a

14    time, and at that time if you have any questions at all

15    about the rights that you have in court or the procedures

16    that we have, I'd be happy to try to answer them.

17             Mr. Nabor (phonetic) from the United States

18    Marshal Service will get things in order and who goes first

19    in talking to Mr. Norvell and Mr. Candelaria.

20             (Whereupon, a recess was taken and at approximately

21    10:04 a.m. where the following proceedings were had:)

22             THE COURT: Mr. Norvell?

23             MR. NORVELL: Your Honor, could you call Mr.

24    Tooley's case.

25             THE COURT: Okay, this is violation notice F42953,

1  excuse me, 731, United States of America versus Douglas
2  Tooley.  Good morning, sir.
3            MR. TOOLEY: Good morning, sir.
4            THE COURT: Any questions about the rights that you
5  have in court?
6            MR. TOOLEY: No.  I do have one concern I'd like to
7  state, just the behavior of Officer Ostrowski and attempting
8  to present my legal concerns with the -- with this case. Try
9  and negotiate things, (inaudible) insubordiated and provoked,
10 and I asked him for a cite, what the legal definition of
11 camping was.  Refused to provide it to me, and he's
12 continuing his threatening behavior. He's -- I decided that,
13 no, I wouldn't want to go down to his truck afterwards, in
14 which case he responded that he'd follow me.
15           THE COURT: Okay.  Now, any questions about the
16 rights that you have in court or the procedures that we have
17 in this courtroom?
18           MR. TOOLEY: No, and I --
19           THE COURT: Okay.
20           MR. TOOLEY: No.
21           THE COURT: Good.  Mr. Norvell?
22           MR. NORVELL: Mr. Tooley would like a trial, Your
23 Honor.
24           THE COURT: Okay.
25           MR. TOOLEY: I would.

1          THE COURT: Mr. Tooley, you're charged in this
2     violation notice allegedly on June 13th, 2010, in the
3     District of Colorado in the San Juan National Forest at
4     Junction Creek, the alleged violation of Title 16 United
5     States Code, Section 551, which incorporates 36 Code of
6     Federal Regulations 261.58(e), camping in a closed area.
7          First of all, do you understand the general nature
8     of that charge?
9          MR. TOOLEY: I do.
10         THE COURT: Okay. Wish to enter a plea of not
11    guilty to that charge?
12         MR. TOOLEY: I do, Your Honor.
13         THE COURT: A plea of not guilty is entered of
14    record.
15         As to a trial date, Mr. Norvell and Mr. Tooley?
16         MR. NORVELL: Your Honor, we would just ask the
17    Court to set it at the Court's convenience.
18         THE COURT: What works for you, Mr. Tooley?
19         MR. TOOLEY: I'd like to go to Denver next spring.
20         THE COURT: Next spring. Well, let's see. That's
21    a little long. I could set it in the middle of February if
22    that works for everybody.
23
24         MR. NORVELL: That would work for me.
25         MR. TOOLEY: I can give it a good shot. That's

```
 1    possible.
 2              THE COURT: Well, let me give you a specific date,
 3    and then you tell me if this works for you, because you're
 4    going to be bound by it, okay?  So how is February 23rd at
 5    8 in the morning?
 6              MR. TOOLEY: At this time, that should be possible.
 7    I have no reason to believe it's not possible at this time.
 8              THE COURT: Okay.  Well, you need to get a hold of
 9    us if there's some problem, otherwise --
10              MR. TOOLEY: I understand, yes.
11              THE COURT: -- there will be a warrant for your
12    arrest, and that's what we're trying to avoid.  Okay?
13              So the trial is set for February 23rd at 8 a.m.
14    The trial is here in Durango, Colorado.
15              MR. TOOLEY: I requested a trial before a judge in
16    Denver.
17              THE COURT: Okay, you're charged with a petty
18    offense, so you're not --
19              MR. TOOLEY: So it's not an option.
20              THE COURT: It's not an option, okay?  If you were
21    charged with a misdemeanor with the greater possible
22    penalties, okay, then you have an option to have a federal
23    district court judge who's located in Denver to hear the
24    case, or a magistrate here locally, okay?  But this is not
25    a misdemeanor, a Class A misdemeanor, it's a petty offense,
```

```
 1    so you're stuck with me.
 2              MR. TOOLEY: Okay.
 3              THE COURT: You have to have a magistrate hear the
 4    case and it has to occur here locally.  Okay?  So it's 8
 5    o'clock, February 23rd, trial to the Court.
 6              As far as discovery, Mr. Norvell, as far as any
 7    information that needs to get to Mr. Tooley, can you give me
 8    a date when that could be accomplished?
 9              MR. NORVELL: I would say within the next couple of
10    weeks if Mr. Tooley would be kind enough to give us an
11    address.
12              MR. TOOLEY: I'll give you two. *REDACTED*,
13    Bayfield, Colorado 81122, and *REDACTED*, Tacoma, Washington
14    98401.
15              MR. NORVELL: Which one would be the one you prefer?
16              MR. TOOLEY: The P.O. Box is where I will be about
17    the first of December.
18              THE COURT: Okay.
19              MR. TOOLEY: So just a question on the procedures
20    regarding discovery.  I have some familiarity with civil law,
21    but not with (inaudible).  Discovery upon me or discovery
22    upon the state?
23              THE COURT: The government basically will forward
24    all the information that they have concerning this case to
25    you, and you have no obligation at all as far as discovery
```

14

1 back for this case.

2 At the trial itself, let me give you an idea of how
3 that would work.  Obviously, you're presumed to be innocent
4 and the burden of proof is on the government to attempt to
5 prove the charge beyond a reasonable doubt. As a result, the
6 government will go first, calling each witness one at a time.
7 Once they've completed questioning their witness, then you
8 have the opportunity to question or cross-examine that
9 witness.  That is not a time for you to ask to make a
10 statement, it is a time for you to ask questions, and that
11 will proceed on through all of the government's witnesses.

12 When that is completed, then the next matter that
13 occurs would be you can call witnesses.  You would ask those
14 witnesses questions, not make a statement on your own behalf
15 but ask questions, and the government can cross-examine those
16 witnesses, and you have no obligation to call yourself as a
17 witness, as you have a right to remain silent, so that the
18 way it will proceed.  If you wish to make a statement, you
19 obviously have to call yourself as a witness.  Okay?

20 MR. TOOLEY: Right.

21 THE COURT: Okay.

22 MR. TOOLEY: Thank you, Your Honor.

23 THE COURT: Any other questions, Mr. Tooley?

24 MR. TOOLEY: No.

25 THE COURT: Anything else, Mr. Norvell?

15

1           MR. NORVELL: No, sir.
2           THE COURT: Okay.  We'll see you near the end of
3    February, Mr. Tooley.  Thanks for coming in today.
4           MR. TOOLEY: Thank you, sir.
5           MR. NORVELL: May we have a short recess?
6           THE COURT: Okay, we're in recess again.
7
8           (Whereupon, the within hearing was then in
9    conclusion at 10:11 a.m. on November 2, 2010.)
10
11           I certify that the foregoing is a correct
12    transcript, to the best of my knowledge and belief, from the
13    record of proceedings in the above-entitled matter.
14
15       /s/ Bonnie Nikolas                    April 11, 2011
16       Signature of Transcriber              Date
17
18
19
20
21
22
23
24
25